The McGRAW–HILL COMPANIES, INC., Plaintiff–Appellee,

v.

VANGUARD INDEX TRUST, Vanguard Group, Inc., Defendants–Appellants.

Docket No. 01–7551.

United States Court of Appeals, Second Circuit.

Nov. 1, 2001.

Stephen Greiner; Brian E. O'Connor, Nicole A. Anderson, on the briefs, Willkie,

Farr & Gallagher, New York, NY, R. Gregory Barton, Pauline C. Scalvino, Counsel for The Vanguard Group, on the briefs, for appellants.

Irwin H. Warren; R. Bruce Rich, Benjamin E. Marks, on the brief, Weil, Gotshal & Manges LLP, New York, NY, for appellee.

Present WALKER, Chief Judge, NEWMAN and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Defendants-appellants Vanguard Index Trust and The Vanguard Group, Inc. (collectively, "Vanguard") appeal from a May 4, 2001 judgment denying Vanguard's motion for judgment pursuant to Federal Rule of Civil Procedure 52(c), and granting plaintiff-appellee The McGraw–Hill Companies, Inc.'s ("McGraw Hill") motion for judgment pursuant to Rule 52(c).

This appeal concerns a license agreement between McGraw Hill, the parent of Standard & Poor's, and Vanguard, whereby McGraw Hill granted Vanguard the right to use the Standard & Poor's 500 index data and trademarks "solely in connection with the operation and management of the Vanguard Index Trust, as described in" an attached prospectus for that fund. In 1998, Vanguard proposed to add the VIPER (an acronym for Vanguard Index Participation Equity Receipts) class of shares to the mutual funds that comprised what was formerly known as the Vanguard Index Trust. After McGraw–Hill's efforts to halt the issuance of VIPERs proved unsuccessful, McGraw–Hill brought the instant suit, claiming that the issuance of VIPERs was not authorized by but rather was in breach of the license agreement. The district court found that Vanguard's proposed VIPER shares were not authorized by the parties' license agreement and granted a permanent injunction against their issuance. *McGraw–Hill Cos. v. Vanguard Index Trust*, 139 F.Supp.2d 544, 556 (S.D.N.Y.2001).

On appeal, Vanguard contends that the district court erred in finding that VIPERs violate the parties' license agreement, arguing that: (1) the clear and unambiguous terms of the license agreement do not impose any limits on the types of shares that Vanguard can issue provided that, as would be the case with VIPERs, Vanguard continues to use the licensed index and trademarks as it has in the past; and (2) parol evidence supports this construction of the license agreement because new agreements have been required only for new funds, but never for new shares.

We affirm substantially for the reasons stated in the district court's thorough and well-reasoned opinion. *See McGraw–Hill*, 139 F.Supp.2d at 551–56.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.